**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEPALI ANMOL,

     Petitioner,

v.                                                                          No. 2:26-cv-00607-DHU-GBW

TODD BLANCHE, Acting Attorney General of the
United States; MARKWAYNE MULLIN, Secretary,
Department of Homeland Security; MARY DE
ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director of Immigration
and Customs Enforcement; and DORA CASTRO,
WARDEN, Otero County Processing Center,

     Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

THIS MATTER is before the Court on Petitioner Nepali Anmol's *pro se* Petition for a Writ

of Habeas Corpus ("Petition"). Doc. 1. For the reasons set forth below, the Petition is **DISMISSED**

**AS MOOT**.

**I.**
**BACKGROUND**

Petitioner is a noncitizen, and at the time of the Petition, was detained at the Otero County

Processing Center in Chaparral, New Mexico, after his Order of Removal became final. Doc. 1 at

1.

On February 27, 2026, Petitioner filed the instant Petition, challenging his immigration

detention as unlawful and prolonged. Doc. 1 at 1-2. He asks the Court to order Respondents to

immediately release him from custody. *Id.* at 2.

1

On April 6, 2026, Respondents filed a Motion to Dismiss the Petition ("Motion"). Doc. 11. In the Motion, Respondents notify the Court that, on approximately April 5, 2026, Petitioner was removed to Nepal. *Id.* at 2. Respondents argue that, due to Petitioner's removal, there is no longer a live controversy in this case. *Id.* They ask the Court to dismiss this case as moot. *Id.*

## II.
## LEGAL STANDARDS

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S.Ct. 2491 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." (internal quotation marks and citation omitted)). Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488

2

F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

## III.
## BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his immigration detention and requests his release from immigration custody. Doc. 1 at 1-2. As Petitioner was removed to Nepal on April 5, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release.").

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner Nepali Anmol's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk's Office may close this civil habeas case.

3

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4